2022-07004
M
Section 13

FILED
2022 AUG 05 A 11:21
CIVIL
DISTRICT COURT

**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**

**STATE OF LOUISIANA**

**NO.:** **DIVISION: " "**

**SHELTON A. BOUTTE, SR. and ARLENE BOUTTE**

**VERSUS**

**HUNTINGTON INGALLS, INC. f/k/a NORTHROP GRUMMAN SHIP SYSTEMS, INC. f/k/a AVONDALE INDUSTRIES, INC., et al**

**FILED:** ____________________ ____________________
**DEPUTY CLERK**

**PETITION FOR DAMAGES**

NOW INTO COURT, through the undersigned counsel, come Petitioners, SHELTON A. BOUTTE, SR. and ARLENE BOUTTE, who respectfully represent the following:

**PARTIES**

1. Petitioners, Shelton A. Boutte, Sr., and his spouse Arlene Boutte, are adult residents and domiciliaries of Louisiana who bring forth the following allegations seeking redress for Shelton Boutte's asbestos-related disease.

2. Defendants herein are:

A. **HUNTINGTON INGALLS, INC. f/k/a NORTHROP GRUMMAN SHIP SYSTEMS, INC. f/k/a AVONDALE INDUSTRIES, INC. (collectively, "Avondale"),** a foreign corporation with a domicile address of 4101 Washington Ave., Newport News, VA 23607. Avondale may be served through its agent, CT Corporation System, 3867 Plaza Tower Drive, Baton Rouge, LA 70808.

B. **M.A. PATOUT & SON LIMITED, L.L.C. ("M.A. Patout"),** a Louisiana corporation with a domicile address at 3512 J. Patout Burns Road, Jeanerette, LA 70544. M.A. Patout may be served through its registered agent, Jacques H. Hebert, 3512 J. Patout Burns Road, Jeanerette, LA 70544.

VERIFIED
Jovan Gibson
2022 AUG 05 A 11:28

E-Filed

EXHIBIT A

2022-07004
M
Section 13
FILED
2022 AUG 05 A 11:21
CIVIL
DISTRICT COURT

C. **MCDERMOTT, INC., ("McDermott"),** a foreign corporation with a domicile address at 1209 Orange Street, Wilmington, DE 19801. McDermott may be served at 3867 Plaza Tower Dr., Baton Rouge, LA 70816.

D. **RILEY POWER, INC., f/k/a/ Riley Stoker Corporation, individually and as the successor in interest to Union Iron Works, (collectively "Riley Power"),** a foreign corporation with a domicile address at 6 Neponset St., Worchester, MA 01606. Riley Power may be served at 3867 Plaza Tower Dr., Baton Rouge, LA 70816.

E. **TAYLOR-SEIDENBACH, INC. ("Taylor-Seidenbach")**, a Louisiana corporation with a domicile address at 731 S. Scott Street, New Orleans, LA 70119. Taylor Seidenbach may be served through its registered agent, Robert I. Shepard, at 731 S. Scott Street, New Orleans, LA 70119.

**JURISDICTION**

3. The Federal Courts lack subject matter jurisdiction over this action as there is no federal question and incomplete diversity of citizenship.

4. Petitioners disclaim any claims arising under the constitution, treaties, or laws of the United States (including any claim arising from an act or omission on a federal enclave, or of any officer of the U.S. or any agency or person acting under her occurring under color of such office).

5. Petitioners make no claims under admiralty or maritime law nor do they sue any foreign state or agency.

**VENUE**

6. Orleans Parish is a proper venue for this matter pursuant to Louisiana Code of Civil Procedure Article 42(2) Defendant Taylor-Seidenbach is a Louisiana corporation with its domicile address in Orleans Parish.

E-Filed

FILED
2022 AUG 05 A 11:21
CIVIL
DISTRICT COURT

7. The remaining defendants listed in paragraph 2 are subject to suit in Orleans Parish pursuant to Louisiana Code of Civil Procedure Article 73(A) as each of them, as substantial factors in causing the Petitioners' injuries, are jointly and solidarily liable to the Petitioners.

**BACKGROUND**

8. Shelton A. Boutte, Sr. was diagnosed with an asbestos-related lung cancer on February 18, 2022.

9. Mr. Boutte was first exposed to asbestos through handling the work clothes of his father, Albert Boutte, and four of his siblings – Elton Boutte, Milton Boutte, Joseph Boutte, and James Boutte.

10. On information and belief, Albert Boutte worked at the following locations during Shelton Boutte's childhood: Avondale Shipyard in Morgan City, LA; McDermott Shipyard in Morgan City, LA; and M.A. Patout Sugar Mill in Jeanerette, LA.

11. On information and belief, at various time while living in the family home with Shelton Boutte, each of his aforementioned brothers worked at the McDermott Shipyard.

12. Growing up, Shelton Boutte assisted with the laundry requiring him to handling the work clothes of his father and brothers.

13. Shelton Boutte began his own career in the 1970s where he regularly and continuous was exposed to asbestos and asbestos-containing products.

14. During his career, Shelton Boutte worked at the following locations: M.A. Patout Sugar Mill in Jeanerette, LA from approximately 1970 to 1972 as a laborer; Avondale shipyard in Avondale, LA from approximately 1973 to 1975 as a rigger; Freeman Veneer Company in Jeanerette, LA from 1975 to 1976 as a machine operator; Houston Systems Shipyard in New Iberia, LA from 1977 to 1981 as a fitter's helper; Stanley Steemer working at various offices in Louisiana as a carpet cleaner from 1983-1985; the Iberia Parish School District in New Iberia, LA from 1985 to 1994 as maintenance man; and self-employment in lawn care and home remodel from 1995 until his retirement.

E-Filed


2022-07004

Section 13

FILED
2022 AUG 05 A 11:21
CIVIL
DISTRICT COURT

15. Long before Shelton A. Boutte, Sr. was ever exposed to asbestos, the above-named defendants designed, tested, evaluated, manufactured, packaged, furnished, transported, installed, used, supplied, and sold asbestos and asbestos-containing products to locations that Mr. Boutte would later work.

16. Beginning in the early 1900s, these defendants knew, or should have known through industry and medical studies, of the hazards inherent in the asbestos-containing products they were selling and using.

17. Yet, instead of warning Shelton A. Boutte of these dangers, the defendant(s) ignored, concealed, and condoned the concealment of this information in order to sell and use asbestos-containing products while avoiding litigation by those who were injured.

18. Although Shelton A. Boutte, Sr. was first exposed to asbestos decades ago, there is a latency period between exposure and the onset of disease.

19. Because of this latency and the concealment of the hazards of asbestos by the defendants, neither Shelton A. Boutte, Sr., nor his family knew, nor could have known, that Mr. Boutte's injuries were caused by exposure to asbestos until recently.

## CAUSES OF ACTION

### COUNT ONE: PRODUCTS LIABILITY CLAIMS AND NEGLIGENCE AGAINST MANUFACTURERES AND SUPPLIERS OF ASBESTOS CONTAINING PRODUCTS

20. The Defendant Riley Power is the successor in interest to Riley Stoker and Union Iron Works.

21. Both Riley Stoker and Union Iron Works were manufacturers of industrial equipment – namely boilers.

22. Upon information and belief, these boilers manufactured by Riley Stoker and Union Iron Works contained substantial amounts of asbestos-containing materials.

23. Riley Stoker and Union Iron Works sold its asbestos-containing boilers to several sites; specifically, but not limited to, M.A. Patout and other sugar mills where Shelton Boutte and his family members worked.

E-Filed

24. The Defendant, Taylor Seidenbach was an insulation contractor who installed and removed asbestos-containing materials in the vicinity, and in the worksites of Shelton Boutte and his family members.

25. The Defendants, Riley Power and Taylor Seidenbach each were responsible for providing Mr. Boutte with adequate warnings concerning the hazards of asbestos.

26. The Defendants, Riley Power and Taylor Seidenbach were responsible using alternatives to asbestos products in the design of the products they manufactured, sold, and installed.

27. In addition to their general duties to design safe products and provide adequate warnings, Riley Power and Taylor Seidenbach had the following responsibilities:

A. To investigate the potential of alternative materials to use in place of asbestos;

B. To provide information regarding techniques to use in order to eliminate exposure to asbestos when using, handling, maintaining, or removing asbestos-containing products;

C. To distribute health and hygiene information regarding the use of respiratory protection to mitigate exposure to asbestos when handling or maintaining their products;

D. To keep abreast of state-of-the-art knowledge, as it pertains to the dangers of asbestos inhalation.

E. To keep abreast of state-of-the-art knowledge, as it pertains the use and storage of asbestos-containing products;

F. To provide adequate warnings to prevent the others from being harmed by exposure to asbestos in the environment in which he was required to be present; and

G. To comply with applicable state and federal regulations regulating exposure to asbestos, including but not limited to, those regulations promulgated by the U. S. Department of Labor pursuant to the Walsh/Healy Act and the Occupational Safety and Health Act.

2022-07004
M
Section 13

FILED
2022 AUG 05 A 11:21
CIVIL
DISTRICT COURT

28. The products manufactured, distributed, supplied, sold, used, or improper removed by the Riley Power and Taylor Seidenbach were defective, unreasonably dangerous, and unreasonably dangerous per se. These defects include, without limitation, the following:

A. The manufacture, sale, supply, use, and improper removal of products that contained hazardous and carcinogenic materials;

B. The manufacture, sale, supply, use, and improper removal of products that possess inherent and known properties that make them unreasonably dangerous to those who would be foreseeably exposed to them;

C. The lack of sufficient warnings regarding the hazards these products present in their normal, foreseeable, and intended use;

D. The lack of sufficient safety instructions for eliminating or reducing the health risks associated with the intended use of these products;

E. The failure (s) inspect these products to assure sufficiency and adequacy of any warnings and safety cautions;

F. The failure to test, or adequately test, these products for defects or hazards that they could present to the intended or foreseeable users;

G. The failure to truthfully or adequately report the results of product testing, and medical studies associated with hazards of these products by intended or foreseeable users;

H. The failure to properly design these products where the nature of the product did not require use of asbestos;

I. The defects in the composition and construction of these products;

J. The failure to recall these products manufactured, sold and supplied;

K. The failure to properly package these products so that they could be safely transported, handled, stored or disposed of; and

L. By over-warranting the safety of these products.

E-Filed

2022-07004

Section 13

FILED
2022 AUG 05 A 11:21
CIVIL
DISTRICT COURT

29. The negligence of Defendant(s) was a substantial factor and contributed in causing damages to the Petitioners.

COUNT TWO: PREMISES LIABILTY AND NEGLIGENCE CLAIMS AGAINST EMPLOYER, PREMISES, AND EXECUTIVE OFFICER DEFENDANTS

30. On information and belief Huntington Ingalls Inc., is the successor in interest to Avondale Industries, who owned and operated the Avondale Shipyard in Avondale, LA where Shelton A. Boutte, Sr. worked as was exposed to asbestos as a roustabout and rigger..

31. Shelton Boutte's job duties at Avondale required him to handle asbestos-containing equipment causing exposure to asbestos.

32. Additionally, while at the Avondale Shipyard, Shelton Boutte worked in the vicinity of welders, mechanics, and insulator contractors who handled and manipulated asbestos-containing materials causing the release of the asbestos fibers into the breathing zone of Mr. Boutte.

33. On information and belief, M.A. Patout & Son Limited, LLC is responsible for the activities taking place at the M.A. Patout Sugar Mill in Jeanerette, LA where Shelton Boutte worked as a laborer.

34. While at M.A. Patout, Shelton Boutte worked throughout the mill, including but not limited, to the boiler room where he handled various asbestos-containing products. Shelton Boutte also worked in the vicinity of maintenance personnel who manipulated asbestos-containing material causing the release of the asbestos fibers into the breathing zone of Mr. Boutte

35. On information and belief, Shelton Boutte's father, Albert Boutte worked at the Avondale and McDermott Shipyards in Morgan City, LA while he and Shelton lived in the family residence.

36. On information and belief, four of Shelton Boutte's brothers – Elton Boutte, Milton Boutte, Joseph Boutte, and James Boutte – worked at the McDermott Shipyard in Morgan City, LA.

E-Filed

2022-07004
M
Section 13

FILED
2022 AUG 05 A 11:21
CIVIL
DISTRICT COURT

37. Shelton frequently handled the work clothing of his brothers and father which resulted in the liberation of asbestos fibers which Shelton inhaled.

38. concerning hazardous conditions at their work sites.

39. Defendants, Avondale, M.A. Patout, and McDermott, were responsible for providing the Shelton A. Boutte, Sr., and his family members with warnings concerning their use of hazardous materials.

40. Defendants, Avondale, M.A. Patout, and McDermott, were responsible for providing Shelton A. Boutte, Sr., and his family members with safe premises in order to protect life, health, safety, and welfare of the Mr. Boutte and his family.

41. In addition to their general obligations, Avondale, M.A. Patout, and McDermott had the following responsibilities:

A. The inspection, approval, and supervision of these premises for hazards and vices that may present a hazard to their employees;

B. To see that proper safety rules were adopted, promulgated, and enforced concerning the use and handling of hazardous materials that may present harm to people on the premises;

C. To see that workers performed their duties pertaining to their work in a proper, safe, and workmanlike manner so as not to present an unreasonable risk of harm to others like Mr. Boutte;

D. To see that the Defendant(s) and their employees used safe and sound principles and practices in their work involving the use and storage of hazardous materials;

E. To make health and hygiene decisions on any and all questions regarding the use of respiratory protection ;

F. To keep abreast of state-of-the-art knowledge, as it pertains to the dangers of asbestos inhalation, involving the use and storage of hazardous materials;

G. To provide adequate warnings, safety equipment, ventilation, and breathing apparatus, where such was necessary, in order to prevent their employees from

E-Filed

2022-07004

Section 13

FILED
2022 AUG 05 A 11:21
CIVIL
DISTRICT COURT

being harmed by exposure to asbestos in the environment in which they were required to be present;

H. To make certain that the Mr. Boutte was provided a safe environment, free from excess asbestos dust ; and

I. To comply with applicable state and federal regulations regulating exposure to asbestos, including but not limited to, those regulations promulgated by the U.S. Department of Labor pursuant to the Walsh/Healy Act and the Occupational Safety and Health Act.

42. The defendants failed to provide Shelton A. Boutte, Sr and this family members with safe premises in the following ways:

A. Failing to properly ventilate the area in which their employees were required to enter in connection with their work;

B. Failing to warn, or provide proper safety appliances, including but not limited to respirators, air-fed hoods, etc. for Shelton A. Boutte, Sr.'s use;

C. Failing to institute safety procedures and plans for the adequate protection of Shelton A. Boutte, Sr.;

D. Failing to warn of the dangers posed by the polluted atmosphere in which their employees were required to work including, but not limited to the risk of asbestosis, pleural disease, lung cancer, or mesothelioma.

E. Failing to enforce applicable safety rules after such rules were actually adopted;

F. Failing to keep abreast of the scientific and engineering knowledge regarding the dangers of, and protection against, the occupational exposure to asbestos;

G. Failing to properly supervise operations;

H. Commencing and continuation of operations which were under their control and supervision when they knew or should have known that such operations caused Petitioner to be exposed to asbestos dust, without protection;

I. Failing to abide by applicable state and federal regulations regulating the premises' exposure to asbestos, including but not limited to, those regulations promulgated



E-Filed

by the U. S. Department of Labor, pursuant to the Walsh/Healy Act and the Occupational Safety and Health Act;

J. Failing to measure the levels of asbestos dust in the premises' working environment.

K. Failing to warn Shelton Boutte's father and brothers of the risk of secondary exposure to asbestos; and

L. Failing to provide Shelton Boutte's father and brothers adequate laundry services or uniforms.

43. The negligence of Defendant(s) was a substantial factor and contributed in causing damages to the Petitioner.

44. The Defendant(s) are liable to Petitioner for things in their garde, possession, control, or custody pursuant to Article 2317 of the Louisiana Civil Code that have caused harm to the Petitioners.

**DAMAGES**

45. The conduct of Defendant(s), as alleged hereinabove, was a direct, proximate, and producing cause of the damages resulting from asbestos-related Lung Cancer of the Petitioner and of the following general and special damages including:

A. All past, present and future medical costs or expenses related thereto;

B. All past, present and future lost earnings;

C. All past, present and future mental suffering, anguish, and pain;

D. All past, present and future physical pain and suffering;

E. The physical impairment suffered by Petitioner;

F. The disfigurement suffered by Petitioner;

G. Loss of quality of life;

H. Interest from the date of judicial demand until paid, and costs of these proceedings; and

I. All other forms of relief provided by law or equity together with interest from the date of injury until paid, plus costs of these proceedings.

2022-07004

Section 13

FILED
2022 AUG 05 A 11:21
CIVIL
DISTRICT COURT

**PRAYER FOR JUDGMENT**

46. Petitioners ask that:

A. Defendant(s) named above be duly cited and served with a certified copy of this petition and be made to respond in the manner and form required by law.

B. After due proceedings, there be judgment here in favor of Petitioner and against Defendant(s) for any and all compensatory and exemplary damages allowed by law.

C. Petitioner be granted such additional relief as the law, evidence, and equity warrant and this Court is competent to grant, including all attorney's fees, expert witness costs, and all other costs of these proceedings.

D. Petitioner seek to reserve the right to a jury trial at a later date.

THE GORI LAW FIRM, P.C.,

By: ______________________________

Madeline M. Dixon, LA Bar No. 38723
Ivan D. Cason, LA Bar No. 39832
Attorneys for Petitioners
909 Poydras Street, Suite 2195
New Orleans, Louisiana 70112
(504) 648-6847 (Main)
(504) 648-6701 (Facsimile)
teamnola@gorilaw.com

**PLEASE SERVE THE FOLLOWING WITH THE ORIGINAL PETITION FOR DAMAGES:**

**HUNTINGTON INGALLS, INC. f/k/a NORTHROP GRUMMAN SHIP SYSTEMS, INC. f/k/a AVONDALE INDUSTRIES, INC. (collectively, "Avondale"),**
CT Corporation System
Baton Rouge, LA 70808

**M.A. PATOUT & SON LIMITED, L.L.C. ("M.A. Patout"),**
Jacques H. Hebert
3512 J. Patout Burns Road
Jeanerette, LA 70544

E-Filed

2022-07004
Section 13

FILED
2022 AUG 05 A 11:21
CIVIL
DISTRICT COURT

**MCDERMOTT, INC., ("McDermott"),**
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

**RILEY POWER, INC., f/k/a/ Riley Stoker Corporation, individually and as the successor in interest to Union Iron Work, (collectectively "Riley Power"),**
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

**TAYLOR-SEIDENBACH, INC.,**
Robert I. Shepard
731 S. Scott Street
New Orleans, LA 70119

E-Filed