UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SHELTON A. BOUTTE, SR., and ARLENE BOUTTE | * | CIVIL ACTION NO. 22-3321 |
| | * | |
| | * | SECTION: "A"(1) |
| VERSUS | * | |
| | * | JUDGE JAY C. ZAINEY |
| HUNTINGTON INGALLS INC., ET AL. | * | |
| | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************ | * | |

ORDER AND REASONS

Before the Court is the Rule 12(e) Motion for More Definite Statement filed by McDermott, Inc. ("McDermott"), challenging the cross-claim asserted against it by Huntington Ingalls Inc. ("Avondale"). (Rec. Doc. 15). Because Avondale's cross-claim meets the pleading requirements of Federal Rule of Civil Procedure 8, McDermott's Motion is DENIED.

Background

Plaintiff Shelton A. Boutte, Jr., and his wife Arlene Boutte, have filed this lawsuit for damages related to Shelton's diagnoses with asbestos-related lung cancer on February 18, 2022. In addition to exposure during his own career, Shelton alleges that he was first exposed to asbestos through the handling of the work clothes of his father Albert Boutte and his four brothers Elton, Milton, Joseph, and James Boutte. Shelton alleges on information and belief that during his childhood, his father Albert worked at Avondale Shipyard in Morgan City, LA; McDermott Shipyard in Morgan City, LA; and M.A. Patout Sugar Mill in Jeanerette, LA. He also alleges that at various times while living in the family home, his brothers Elton, Milton, Joseph, and James worked at the McDermott Shipyard. In Count 2, plaintiffs assert a claim for premises liability and negligence against the employer, premises, and executive officer defendants. In this section of his Petition, he re-alleges the exposures of his father and brothers while working at the McDermott

1

Shipyard and alleges that Avondale, M.A. Patout, and McDermott failed to properly ventilate the area in which their employees worked; failed to warn or provide proper safety appliances; failed to institute adequate safety procedures; failed to warn of the dangers posed, including the risk of asbestosis, pleural disease, lung cancer, or mesothelioma; failed to enforce applicable safety rules; failed to properly supervise operations, etc.

After the plaintiffs filed suit in state court, McDermott filed an exception of vagueness. Before the exception could be heard, Avondale removed the action to this court and asserted cross-claims against the other defendants named by the plaintiffs, including McDermott. Avondale adopts all of plaintiffs' allegations. In Paragraph 8, it further alleges that the "Cross-Claim and Third Party Defendants" that supplied asbestos-containing materials to any job site where Shelton, Albert, Elton, Milton, Joseph, and/or James worked are strictly liable for the plaintiffs' injuries. In Paragraph 9 it alleges that the "Cross-Claim and Third-Party Defendants" are manufacturers, sellers, distributors, suppliers, installers, and/or users of asbestos containing products and/or equipment or were insurers of such entities. In Paragraph 10, it alleges that the products and/or equipment mined, manufactured, distributed, supplied, sold, and/or used by the "Cross-Claim and Third-Party Defendants" were defective, unreasonably dangerous, and unreasonably dangerous per se. Avondale does not distinguish between or specify any particular Cross-Claim and Third-Party Defendant in these paragraphs.

Presently before the Court is McDermott's Motion for More Definite Statement, challenging Avondale's Cross-Claim against it. It argues that Avondale's Cross-Claim does not specify where each family member worked, what job they performed, and the time period of their work. It points out that without knowing what time period, it cannot determine what law applies. It further complains that paragraphs 8, 9, and 10 lump together all Cross-Claim and Third Party

Defendants leaving it unable to determine if Avondale is alleging that McDermott is a supplier/manufacturer/seller of asbestos containing products.

Avondale opposes the motion. It points out that its Cross-Claim is contingent upon the Plaintiffs' Petition and that it has adopted all of Plaintiffs' allegations. It submits that it has no way to make a more definite statement of its claim against McDermott because it is not in possession of any of the Bouttes' work records and has not deposed Shelton or anyone else. It adds that the facts about when Albert, Elton, Milton, Joseph, and James worked at McDermott are likely in McDermott's possession. It argues that the information McDermott seeks will be disclosed during discovery. It argues further that its Cross-Claim meets the Rule 8 standard, adding that if plaintiffs' Petition is sufficient, so is its Cross- Claim. With regard to the allegations in Paragraphs 8, 9, and 10, Avondale submits that if McDermott did not supply asbestos products, the allegations do not apply to McDermott and it can deny the allegations in its answer. As to the importance of knowing the time period of exposure to determine the applicable law, Avondale submits that as in most asbestos cases, it is likely that Shelton's exposure crosses over the various time periods where the law changed. It insists that Rule 12(e) motions are disfavored when the requested information can be obtained in discovery. It argues that McDermott's Motion should be denied.

<u>Law and Analysis</u>

Federal Rule of Civil Procedure 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. Proc. 12(e). The standard for evaluating a motion for more definite statement is whether the complaint "is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." <u>Babcock & Wilcox Co. v. McGriff, Seibels & Williams, Inc.</u>, 235

F.R.D. 632, 633 (E.D. La. 2006) (quoting Advanced Commc'ns Techs., Inc. v. Li, No. 05 CIV. 4628 (RWS), 2005 WL 3215222, at *3 (S.D.N.Y. Nov. 30, 2005)).

Given the liberal pleading standard set forth in Rule 8,[1] Rule 12(e) motions are disfavored. Alford v. Chevron U.S.A. Inc., 13 F. Supp. 3d 581, 590 (E.D. La. 2014), order amended on reconsideration (June 4, 2014); Collier v. Shell Offshore, Inc., No. CIV.A. 14-2090, 2014 WL 6957865, at *1 (E.D. La. Dec. 4, 2014). The Fifth Circuit has explained that "it is clearly the policy of the Rules that Rule 12(e) should not be used to frustrate this policy by lightly requiring a plaintiff to amend his complaint which under Rule 8 is sufficient to withstand a motion to dismiss." Mitchell v. E-Z Way Towers, Inc., 269 F.2d 126, 132 (5th Cir. 1959). Discovery, and not a motion for more definite statement, is the appropriate vehicle to develop the facts of the case. Id.

McDermott complains that Avondale's Cross-Claim does not specify where each family member worked. The court disagrees. Avondale has adopted plaintiffs' allegations. Although stated upon information and belief, plaintiffs clearly allege that Albert worked at Avondale Shipyards, McDermott Shipyards, and M.A. Patout Sugar Mill, and that Elton, Milton, Joseph, and James worked at McDermott Shipyards. McDermott challenges Avondale's failure to allege what job each performed and when they performed it. The court finds that the absence of this information is not fatal. By alleging that Albert, Elton, Milton, Joseph, and James worked at

---

[1] Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009). The plaintiff must state a plausible claim for relief to survive a motion to dismiss. Id.

McDermott Shipyards while Shelton and they were living in the family home and alleging that Shelton was handling their clothes, McDermott has been put on notice of the claims against it. Through discovery, McDermott will learn additional facts about the time period and nature of their work. The court further finds that Paragraphs 8, 9, and 10, are not deficient for failing to specify the Cross-Claim or Third-Party Defendant to which they refer. Given the specific factual allegations against McDermott, it is clear that Paragraphs 8, 9, and 10 do not apply to it, and McDermott can deny these allegations as to itself in its answer. Avondale's Cross-Claim (and so, too, plaintiffs' Petition) are not so vague so as to be unintelligible. Instead, the facts alleged are sufficient to plausibly state a claim for relief. McDermott will suffer no prejudice in answering the allegations against it.

## Conclusion

Avondale's Cross-Claim meets the pleading standards of Rule 8 by plausibly stating a claim against McDermott. Accordingly, McDermott's Motion for More Definite Statement (Rec. Doc. 15) is DENIED.

New Orleans, Louisiana, this 12th day of December, 2022.

_____
Janis van Meerveld
United States Magistrate Judge