UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Arlene and Shelton Boutte | CIVIL ACTION |
| VERSUS | NO. 22-3321 |
| Huntington Ingalls Incorporated, ET AL. | SECTION "A" (1) |

### ORDER AND REASONS

The following motion is before the Court: **Motion to Remand to State Court (Rec. Doc. 26)**, filed by the Plaintiffs Arlene and Shelton Boutte. Defendant Huntington Ingalls Incorporated ("Huntington Ingalls") opposes the motion (Rec. Doc. 47). The Plaintiffs' motion was submitted for consideration on October 21, 2022 and is now before the Court on the briefs without oral argument.

**Background**

This is an asbestos case. Plaintiffs are Shelton and Arlene Boutte, who filed this suit against the companies who allegedly required the use of asbestos materials during Shelton Boutte's professional career. Shelton Boutte is a 66-year-old man who has recently contracted lung cancer from alleged exposure to asbestos during his career as a rigger at the Avondale Shipyard from 1973 to 1975. The Plaintiffs bring this lawsuit against Huntington Ingalls as successor in interest and party responsible for the Avondale Shipyard. The Plaintiffs allege that Mr. Boutte handled asbestos-containing equipment and worked in the vicinity of other workers handling asbestos-containing equipment. Additionally, the Plaintiffs allege Avondale was negligent in a number of different ways including but not limited to: failing to properly ventilate the area in which their employees worked, failing to warn or provide proper safety appliances to

1

handle asbestos materials, failing to warn of the dangers of using asbestos materials, and failing to abide by applicable state and federal regulations regarding the premises' exposure to asbestos. In response to these allegations, the Defendants raise defenses arising out of Sections 1441, 1442, and 1446 outlining statutory federal officer authority. The Plaintiffs originally filed this lawsuit in Civil District Court for the Parish of Orleans. The Defendants removed this case to this Court, and in response the Plaintiffs have moved to remand the case back to state court.

**Legal Standard**

Generally, a defendant may only remove a case to federal court if the plaintiff could have originally filed the case there. *28 U.S.C. § 1441(a)*. The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253–54 (5th Cir.1961)).

Federal district courts have original jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." *28 U.S.C. § 1331*. The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First National Bank*, 299 U.S. 109, 112–13 (1936)). The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law. *Id*. However, to succeed at the removal stage, defendants need only articulate a colorable defense, which is not "wholly insubstantial and frivolous." *Zeringue v. Crane Co.*, 846 F.3d 785 (5th Cir. 2017). Unlike the general removal statute, which must be strictly construed in favor of

remand, the federal officer removal statute's language must be liberally interpreted. *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 147, 127 S.Ct. 2301, 168 L.Ed.2d 42 (2007).

Removing parties claiming a colorable defense that embraces a federal officer statute under section 1442 must show: (1) it has asserted a colorable federal defense, (2) it is a "person" within the meaning of the statute, (3) that has acted pursuant to a federal officer's directions, and (4) the charged conduct is connected or associated with an act pursuant to a federal officer's directions. *Latiolais v. Huntington Ingalls Inc.*, 951 F.3d 286, 291 (5th Cir. 2020) (en banc).  The bar for what constitutes a defense *colorable* is not as high as what is necessary to survive summary judgment or to prevail on the merits.  *Elie v. Ameron Int'l Corp.*, 2020 WL 2554317, *2 (E.D. La. May 20, 2020) (Vance, J.).  A defense is *colorable*, as defined by the Fifth Circuit when: the defense need not be clearly sustainable, as section 1442 does not require a federal official or person acting under him to win his case before he can have it removed.  Instead, an asserted federal defense is colorable unless it is immaterial and made solely for the purpose of obtaining jurisdiction or wholly insubstantial and frivolous.  *Latiolais*, 951 F.3d at 296-97.  The Fifth Circuit Court of Appeals requires a liberal interpretation of section 1442, unlike general removal provisions which must be strictly construed in favor of remand.  *Zeringue*, 846 F.3d 785, 789 (5th Cir. 2017); *Louisiana v. Sparks*, 978 F.2d 226, 232 (5th Cir. 1992).  Also differing from general removal jurisdiction, there is no requirement that the district court have original jurisdiction over the plaintiff's claim in a federal officer removal.  Cases where the federal officer statute arises as a defense may be removed even if they are not present on the face of the plaintiff's well-pleaded complaint.  *Jefferson County, Ala. v. Acker*, 527 U.S. 423, 430-31 (1999).  However, the mere fact that some of the defendant's work fell under federal regulation

or review is not enough to create a sufficient federal officer jurisdictional question. *Watson v. Phillip Morris Cos. Inc.*, 551 U.S. 142, 153 (2007).

## Discussion

The Court finds the Defendant has asserted a colorable federal officer statutory defense and has satisfied that element of the Fifth Circuit's removal test. Additionally, the other elements are not in contest here. The Defendant has satisfied the 'colorable defense' element by asserting the colorable defense of government contractor immunity.

The Defendant's government contractor immunity arises under *Boyle v. Unity Technologies Corporation* which extends immunity for federal contractors who comply within the specifications of a federal contract. 487 U.S. 500 (1988). For a contractor to be immune from liability under *Boyle*, the plaintiff must prove that the government approved the reasonably precise specifications for construction of the vessels at issue, that the vessels met those specifications, and that the contractor warned the government of any hazards presented by the asbestos-containing material the government required that were known to the contactor but unknown to the government. The Fifth Circuit and this Court have consistently held that *Boyle* government contractor immunity is a colorable defense for purposes of removal analysis. The Court finds no reason to differ in the present matter.

Here, the Defendants allege they were required to use asbestos in Federal Vessels built under contracts executed between Avondale and the government.[1] Those contracts established mandatory terms, conditions, and specifications imposed upon the Defendants by the government. The government contracts also required the Defendants to follow asbestos safety

---

[1] *Rec. Doc. 47-1*. Exhibit A. Herfel Affidavit.

4

standards during construction of Federal Vessels.[2]  Among those were the Walsh Healey standards and the Department of Labor Safety and Health Regulations for Shipbuilding and Ship Repair, which advised that nearly all workers could be repeatedly exposed to asbestos without any adverse effects.[3]

Secondly, the Defendants satisfy the second *Boyle* factor because they were following the government's design specifications to install asbestos—which is a colorable defense to this lawsuit.  The Defendants have provided the requisite evidence that Avondale complied with specifications for *how* to use asbestos, including deposition testimony from federal inspectors from the relevant time alleged in the lawsuit that showed the safety standards when using asbestos.[4]

Finally, the Defendants satisfy the third *Boyle* factor that the government knew more about the dangers of working with asbestos than the Defendants at the relevant time alleged in this lawsuit—essentially that the government compelled the defendant.  The Court finds that a colorable defense exists insofar that Defendants did not omit warnings to the government about the dangers of working with asbestos which the government did not know already.  To support this defense, the Defendants have submitted a number of statements from expert witnesses and government officials showing the government's knowledge of the dangers of working with asbestos that pre-date the relevant time period for this lawsuit.[5]  The evidence presented to the

---

[2] *Id.*
[3] *Rec. Doc. 47-12*. Exhibit K. ACGIH TLVs. P. 2; see also, *Rec. Doc. 47-13*. Exhibit L, Department of Labor Safety & Health Regulations (1960).
[4] *Rec. Doc. 18*.  Exhibit Q, Deposition of James Gooding.
[5] *Rec. Doc. 47-1*. Exhbiti A. Herfel Affidavit; *Rec. Doc. 47-3*. Exhibit C. Joyce Affidavit; *Rec. Doc. 47-22*. Exhibit U. Lemen Deposition.

Court shows that the Defendants did not have *more* information about the dangers of working with asbestos than the government, therefore the third element of *Boyle* is satisfied.

In response to the Defendant's pleaded government-contractor defense, the Plaintiffs argue that *Boyle* does not support a defense under a failure to warn claim. To support this argument, Plaintiffs cite to an Eastern District Court decision in *Adams v. Eagle Inc.*, to which Judge Morgan ruled in favor of summary judgment that no *Boyle* defense existed under a failure to warn claim. No. CV 21-694, 2022 WL 4016749 (E.D. La. Sept. 2, 2022). However, The Court finds that the facts of *Adams* are clearly distinguished from the case at bar. In *Adams*, Judge Morgan was tasked with ruling on whether the facts presented by the parties survived summary judgment. The question in the present motion is quite different and subject to a considerably lower standard. Furthermore, the Court in *Adams* found that the defendant had a viable *Boyle* defense for the non-failure to warn claims, the same type of additional claims that are asserted in the case at bar. Still, the question presented on this motion is not whether the defense would survive summary judgment when examining the available evidence, but rather is the defense colorable for the case to remain in federal court with the appropriate subject matter jurisdiction.

## Conclusion

The Defendant has asserted a colorable defense that embraces a federal question under section 1442 government contractor immunity. Furthermore, the Court need not discuss the further defenses that the Defendant asserted. The Court does not speculate on what further evidence may shed light on the merits of the defenses asserted on this motion, however for the purposes of removal jurisdiction the Court can only conclude that the Defendant has reached its

burden as to government contractor immunity arising from *Boyle*. To that end, this Court has proper subject matter jurisdiction and the Plaintiffs' Motion to Remand is DENIED.

Accordingly;

    IT IS ORDERED that the Motion to Remand (Rec. Doc. 26) is DENIED.

March 6, 2023

_____<br>Judge Jay C. Zainey

*******