UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ARLENE BOUTTE, ET AL. | CIVIL ACTION |
| VERSUS | NO. 22-3321 |
| HUNTINGTON INGALLS, INC., ET AL. | SECTION "A" (1) |

## ORDER AND REASONS

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date of the motion. No memoranda in opposition have been submitted in response to the following motions for summary judgment: Defendant Huntington Ingalls Inc.'s ("Huntington Ingalls") **Motion for Summary Judgment (Rec. Doc. 154)**; Defendant McDermott, Inc.'s ("McDermott") **Motion for Summary Judgment (Rec. Doc. 155)**; Third-Party Defendant Bayer CropScience, Inc., as Successor to Rhone-Poulenc AG Company, f/k/a Amchem Products, Inc., f/k/a Benjamin Foster Company ("Bayer CropScience") **Motion for Summary Judgment (Rec. Doc. 156)**; and Third-Party Defendant First State Insurance Company's ("First State") **Motion for Summary Judgment (Rec. Doc. 162)**. The motions filed by Huntington Ingalls and McDermott were each noticed for submission on February 5, 2025, Bayer CropScience's motion was noticed for submission on February 19, 2025, and the motion filed by First State was noticed for submission on March 5, 2025. Because no memoranda in opposition have been filed, the motions are deemed unopposed. Further, it appears that the motions have merit.

Each motion for summary judgment is based on the argument that the nonmovant(s) cannot carry their burden of proof on an essential element of their claim. *See* Huntington Ingalls' Mot. Summ. J., at 6–7 (Rec. Doc. 154-1); McDermott's Mot. Summ. J., at 5–8 (Rec. Doc. 155-1); Bayer CropScience's Mot. Summ. J., at 10 (Rec. Doc. 156-1); First State's Mot. Summ. J., at 5 (Rec.

Doc. 162-2). If the dispositive issue is one on which the nonmoving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by demonstrating there is no evidence in the record to establish an essential element of the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 331–32 (Brennan, J., dissenting).[1] When, as is the case here, the movant is seeking summary judgment on the ground that the nonmovant has no evidence to establish an essential element of a claim, the nonmoving party may defeat the motion by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party." *Id.* at 332–33. But "[i]f the nonmoving party cannot muster sufficient evidence to make out its claim, a trial would be useless and the moving party is entitled to summary judgment as a matter of law." *Id.* at 331 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).

The nonmovants in each of the motions before the Court have failed to "call[] the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party." *Id.* at 332–33. As such, a trial on these claims is useless and the moving parties are entitled to summary judgment as a matter of law.

Accordingly;

**IT IS ORDERED** that Defendant Huntington Ingalls' **Motion for Summary Judgment (Rec. Doc. 154)** is **GRANTED**.

---

[1] *See also St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987) (citing Justice Brennan's statement of the summary judgment standard in *Celotex*, 477 U.S. at 322–24, and requiring the movants to submit affirmative evidence to negate an essential element of the nonmovant's claim or, alternatively, demonstrate the nonmovant's evidence is insufficient to establish an essential element); *Fano v. O'Neill*, 806 F.2d 1262, 1266 (5th Cir. 1987) (citing Justice Brennan's dissent in *Celotex*, and requiring the movant to make an affirmative presentation to negate the nonmovant's claims on summary judgment); 10A Wright, Miller & Kane, Fed. Prac. and Pro. § 2727.1 (2016) ("Although the Court issued a five-to-four decision, the majority and dissent both agreed as to how the summary-judgment burden of proof operates; they disagreed as to how the standard was applied to the facts of the case." (internal citations omitted)).

**IT IS FURTHER ORDERED** that Defendant McDermott's **Motion for Summary Judgment (Rec. Doc. 155) is GRANTED**.

**IT IS FURTHER ORDERED** that Third-Party Defendant Bayer CropScience's **Motion for Summary Judgment (Rec. Doc. 156) is GRANTED**.

**IT IS FURTHER ORDERED** that Third-Party Defendant First State's **Motion for Summary Judgment (Rec. Doc. 162) is GRANTED**.

A motion for reconsideration of this order based on the appropriate Federal Rule of Civil Procedure, if any, must be filed within ten (10) days. The motion must be accompanied by an opposition memorandum to the original motion. Because such a motion would not have been necessary had a timely opposition memorandum been filed, the costs incurred in connection with the motion, including attorney's fees, may be assessed against the party moving for reconsideration. *See* Fed. R. Civ. P. 16.

March 5, 2025

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE
